USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __6/14/2023_____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

PEABODY & COMPANY LLC,

                    Plaintiff,

        -against-

RODERICK WAYNE, JR. p/k/a RODDY RICCH;
SAMUEL GLOADE p/k/a 30 ROC; LAMAR
ADARIUS MORAGNE; AQEEL QADIR TATE;
KHIRYE TYLER, LARRANCE LEVAR DOPSON;
BLUE NIKE PUBLISHING LLC; PEERMUSIC III,
LTD.; KOBALT MUSIC PUBLISHING AMERICA,
INC.; VOLUME VENTURES PUBLISHING, LLC;
WARNER-TAMERLANE PUBLISHING
CORPORATION; ATLANTIC RECORDING
CORPORATION d/b/a ATLANTIC RECORDS,

                    Defendants.

22 Civ. 10316 (AT)

**CONFIDENTIALITY STIPULATION**
**AND  PROTECTIVE  ORDER**

Plaintiff Peabody & Company LLC ("Plaintiff") and Defendants Rodrick Wayne Moore,

Jr. (incorrectly sued as "Roderick Wayne, Jr.") p/k/a Roddy Ricch, Samuel Gloade p/k/a 30 Roc,

Lamar Adarius Moragne, Aqeel Qadir Tate, Khirye Tyler, Larrance Levar Dopson, Blue Nike

Publishing LLC, Peermusic III, Ltd., Kobalt Music Publishing America, Inc., Volume Ventures

Publishing, LLC, Warner-Tamerlane Publishing Corp., and Atlantic Recording Corporation a/k/a

Atlantic Records ("Defendants"), by and through their undersigned counsel, hereby stipulate and

agree pursuant to Fed. R. Civ. P. 29 (the "Stipulation"), and seek a Protective Order pursuant to

Fed. R. Civ. P. 26(c), as follows:

1.      **Definitions**

    (a)    "Document" means all documents, electronically-stored information, items and

things within the scope of Fed. R. Civ. P. 34(a)(1), Local Rule 26.3(c)(2) of the Southern District

of New York, and all writings, recordings and photographs as defined in Fed. R. Evid. 1001.

(b)     "Counsel of Record" means any lawyer employed by the law firms of record for any of the parties to this Action.

(c)     "Confidential" information means (i) information used by a Producing Party in, or pertaining to, its business, which information is not available to the public, is treated confidentially by the Producing Party and has current competitive or economic value independent of this litigation, (ii) material non-public insider information, (iii) non-public financial information, (iv) private personal identifying information, (v) information that a Producing Party is under a duty to preserve as confidential under a statute or regulation, court or administrative order, by agreement, or because of a legal obligation such as a fiduciary duty, or (vi) information which the Producing Party believes in good faith must be maintained in confidence to protect its business or commercial interests.

(d)     "Highly Confidential – Attorneys' Eyes Only" information means Confidential information that is particularly sensitive and has the potential to cause substantial harm if disclosed to an unauthorized party such as a competitor, including, without limitation, Confidential information concerning business, product and/or strategic plans and financial information, trade secrets, intellectual property and information subject to written non-disclosure or confidentiality agreements or a court or administrative order.

(e)     "Action" means the above-captioned action.

(f)     "Party" or "Parties" means each and all of the parties to this Action.

(g)     "Producing Party" means a Party or non-party that produces or discloses any Document, information, or thing that has been designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in accordance with this Stipulation.

(h)      "Receiving Party" means a Party or non-party that receives through discovery or any hearing or trial of this action any Document, information, or thing that has been designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in accordance with this Stipulation.

**2.      Designation of Confidential or Highly Confidential – Attorneys' Eyes Only Information**

Any Producing Party may designate as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" any (i) Document, information, or thing, or portion thereof, that the Producing Party produced in discovery, or (ii) deposition testimony, or portion thereof, given by the Producing Party or a representative thereof, which the Producing Party in good faith believes is entitled to such treatment under this Stipulation.

(a)      Documents may be so designated by placing the word "Confidential" or the phrase "Highly Confidential – Attorneys' Eyes Only" on each page of the Document or, in the case of electronically-stored information, on the media containing said information in a manner so as to be easily visible.

(b)       Testimony may be so designated by indicating verbally on the record at the deposition or other proceeding at which the testimony is given, or by identifying in writing the page and line numbers of the testimony being so designated within ten (10) business days after the transcript of the deposition becomes available.  Deposition transcripts shall presumptively be treated as "Highly Confidential – Attorneys' Eyes Only" for ten (10) business days after the transcript of the deposition becomes available.  For such period of time as any information, Documents, things or testimony designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" are disclosed during a deposition, the Producing Party shall have the right to exclude

from attendance at the deposition any person who is not entitled to receive such information, Documents or things pursuant to this Stipulation.

(c)     A thing shall be so designated in writing in advance of any production or inspection thereof, and by affixing, to the extent practicable, a sticker or tag or other indication bearing the words "Confidential" or "Highly Confidential – Attorneys' Eyes Only" as applicable.

**3.      Use of Confidential Information at Trial or Hearing**

Information, Documents, testimony, and things identified as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in accordance with this Stipulation may be disclosed in testimony at the trial of this Action or in a hearing in this Action or offered in evidence at trial or hearings in this Action, subject to the applicable Rules of Evidence and subject to such further order as the Court may make, provided that the offering Party shall give sufficient prior notice to the Producing Party that such designated Documents or information or things will be offered or used at trial or hearings.  Inclusion of any Document, information, testimony, or thing on a pre-trial or pre-hearing exhibit list shall satisfy the requirement in the preceding sentence.  After such notice, a Producing Party may request that the Court receive the evidence in camera or under other conditions to prevent unnecessary disclosure and to protect confidentiality.  Any party that believes the evidence should not be restricted from public view during trial will have the opportunity to object to the restriction of such evidence.

**4.      Restrictions on Disclosure and Use of Information Designated Confidential**

(a)     No person may disclose to another person or entity any information contained in or derived from any portion of Documents, testimony, information, or things designated as Confidential in accordance with this Stipulation without prior written or on-the-record authorization from the Producing Party, unless the recipient is:

(i)      a Counsel of Record in the Action;

(ii)     a court reporter, interpreter or videographer undertaking his/her duties in a deposition or other proceeding in this Action;

(iii)    an employee or staff of a Counsel of Record, or a contractor or vendor retained by a Counsel of Record in connection with the copying, storage, translation or processing of Documents under the employ, supervision or direction of Counsel of Record;

(iv)     a graphics consultant, jury consultant, or similar litigation service provider retained by a Counsel of Record, if said provider has signed an Acknowledgment of agreement to be bound by the terms of this Stipulation in the form attached hereto as Exhibit A;

(v)      an expert (or a member of the expert's staff) retained by a Counsel of Record in connection with inspection, analysis, and/or formation of an opinion for testimony or consultation of this matter, who is not otherwise currently, regularly or expecting to be employed by any other Party and to whom disclosure of the Confidential information is necessary for the prosecution or defense of this Action; provided such expert or member of the expert's staff receiving Confidential information has signed an Acknowledgment of agreement to be bound by the terms of this Stipulation in the form attached hereto as Exhibit A, which executed Acknowledgment shall be maintained by Counsel of Record, and provided to opposing counsel upon request following disclosure of the expert;

(vi)     an in-house counsel, employee, officer or director of a Party who has a *bona fide* need to review the Confidential information in connection with the prosecution or defense of this action;

(vii)    the author, addressee, or other lawful recipient of the Document (not through discovery in this action) as indicated by the Document or its source; or

(viii)    a Judge, Magistrate Judge, law clerk, clerk, or other employee of the Court before which this matter is pending.

(b)    No use shall be made of Confidential information by any recipient under subsection (a) above except in connection with the prosecution, defense, adjudication or private resolution of this Action.

**5.    Restrictions on Disclosure and Use of Information Designated Highly Confidential – Attorneys' Eyes Only**

(a)    Documents, testimony, things, and information designated as "Highly Confidential – Attorneys' Eyes Only," and any information contained in or derived from any portion of such Documents, testimony, things and information that have been so designated, may not be disclosed to another person or entity without prior written or on-the-record authorization from the Producing Party, unless the recipient is:

(i)    a Counsel of Record in the Action;

(ii)    a court reporter, interpreter or videographer undertaking his/her duties in a deposition or other proceeding in this Action;

(iii)    an employee or staff of a Counsel of Record, or a contractor or vendor retained by a Counsel of Record in connection with the copying, storage, translation or processing of Documents under the employ, supervision or direction of Counsel of Record;

(iv)    a graphics consultant, jury consultant, or similar litigation service provider retained by a Counsel of Record, if said provider has signed an Acknowledgment of agreement to be bound by the terms of this Stipulation in the form attached hereto as Exhibit A;

(v)   an expert (or a member of the expert's staff) retained by a Counsel of Record in connection with inspection, analysis, and/or formation of an opinion for testimony or consultation of this matter, who is not otherwise currently, regularly or expecting to be employed by any other Party and to whom disclosure of the Highly Confidential – Attorneys' Eyes Only information is necessary for the prosecution or defense of this Action; provided such expert or member of the expert's staff receiving Highly Confidential – Attorneys' Eyes Only information has signed an Acknowledgment of agreement to be bound by the terms of this Stipulation in the form attached hereto as Exhibit A, which executed Acknowledgment shall be maintained by Counsel of Record, and provided to opposing counsel upon request following disclosure of the expert;

(vi)   the author, addressee, or other lawful recipient of the Document (not through discovery in this action) as indicated by the Document or its source; or

(vii)   a Judge, Magistrate Judge, law clerk, clerk, or other employee of the Court before which this matter is pending.

(b)   No use shall be made of information designated Highly Confidential – Attorneys' Eyes Only by any recipient under subsection (a) except in connection with the prosecution, defense, adjudication or private resolution of this Action.

**6.    Advice of Counsel**

Nothing in this Stipulation shall bar or otherwise restrict any attorney from relying upon his or her examination of Documents, information, or things produced, including Confidential or Highly Confidential – Attorneys' Eyes Only information, in rendering advice to his or her client with respect to this matter.  In rendering such advice or in otherwise communicating with his or her client, the attorney shall not disclose the content of any Confidential or Highly Confidential –

Attorneys' Eyes Only information, testimony, Document, or thing identified as Confidential or

Highly Confidential – Attorneys' Eyes Only, unless the client is permitted to receive such

information pursuant to the terms of this Stipulation.

**7.      Inadvertent Failure to Designate; Inadvertent Production**

(a)      A Party who inadvertently fails to designate a Document, testimony or thing as

Confidential or Highly Confidential – Attorneys' Eyes Only does not thereby waive the right to

do so after the failure is discovered, but the recipient of the information so inadvertently unmarked

shall not suffer sanction for disclosure of the information prior to the date on which it receives

actual notice of the confidential nature of the information.  The Parties agree to cooperate to

minimize the publication or dissemination of any material that was inadvertently unmarked.  All

copies of the inadvertently unmarked material shall be retrieved from any person who would not

have been allowed access to it if it had been properly designated at the time of production.

(b)      Inadvertent production of Documents subject to work product immunity or the

attorney-client privilege shall not, by that act alone, constitute a waiver of the immunity or

privilege, provided that the Producing Party notifies the Receiving Party in writing (including e-

mail) of such inadvertent production promptly upon learning of same.  Such inadvertently

produced Documents, and all copies thereof, shall be returned to the Producing Party upon request.

No use may be made of such Documents subsequent to the request to return them, except as

determined by the Court.  Nothing in this Stipulation shall prevent any Party from requesting that

the Court order the production of any such inadvertently produced Documents; however, the fact

of the inadvertent production shall not be used as an argument that the attorney-client privilege or

other protections have been waived by the Producing Party.  Nothing in this Stipulation prevents

any Party from applying to or petitioning the Court for return of later discovered, inadvertently produced Documents that are subject to work product immunity or attorney-client privilege.

**8.     Filing of Confidential or Highly Confidential – Attorneys' Eyes Only Material**

(a)     Notwithstanding anything to the contrary in this Stipulation, to the extent a Party wishes to file material designated as Confidential or Highly Confidential – Attorneys' Eyes Only with the Court, such material shall be filed under seal.

(b)     To the extent applicable, a Party filing material designated as Confidential or Highly Confidential – Attorneys' Eyes Only with the Court shall follow the applicable Electronic Case Filing Rules & Instructions for the Southern District of New York and the Individual Practices of the Hon. Analisa Torres or other then-presiding judge.

**9.     Challenge to Designation as Confidential or Highly Confidential – Attorneys' Eyes Only Information**

If at any time a Receiving Party disagrees with the designation of a Document, testimony, or thing, or any portion thereof, as either "Confidential" or "Highly Confidential – Attorneys' Eyes Only," the Receiving Party may seek to downgrade the level of confidentiality, or remove any confidentiality designation.  In such event, the following procedure shall be followed:

(a) The Receiving Party shall give Counsel of Record for all other Parties and for the Producing Party written notice thereof together with reasons therefore, specifying the Document, information, or things to which such downgrade or removal is sought.  The Party seeking the downgrade or removal and the Producing Party shall thereafter informally attempt to resolve the matter;

(b) If, after seven (7) days following written notice, the dispute cannot be resolved, then the Party seeking the downgrade or removal may request an order from the Court for appropriate relief.   The Producing Party seeking to protect the Document, testimony,

information, or thing as "Confidential" or "Highly Confidential – Attorneys' Eyes Only"
shall bear the burden of establishing the appropriateness of the protection or degree of
protection sought.

(c)  If a Producing Party voluntarily, or pursuant to Court Order, downgrades or removes the
confidentiality designation of particular materials, the Producing Party shall produce to
the other parties substitute copies of such materials bearing the new designation or no
designation.

**10.    No Waiver**

No Party shall be obligated to challenge the propriety of the designation of any materials
as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" upon its production in this
Action.  The failure to challenge the designation of a Document, testimony, information, or a
thing as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall not preclude any
subsequent (i) objection to such designation, (ii) motion for any disclosure or protection from
discovery, (iii) motion to modify this Stipulation, or (iv) motion for any other protective order
pursuant to Rule 26(c).

Neither the acceptance by a Party of any information, Document or thing designated as
"Confidential" or "Highly Confidential – Attorneys' Eyes Only" hereunder, nor the failure of a
Party to so designate any information, Document or thing, nor the failure to take any action to
enforce the provisions of this Stipulation, shall constitute a concession or admission as to
whether or not the information, Document, or thing is, in fact, confidential or a trade secret, or as
to whether or not it is discoverable, relevant or admissible in evidence.

Nothing in this Stipulation shall constitute or be deemed or construed as a waiver of the
attorney-client privilege, work product immunity, or any other privilege or immunity, or right of

a Party to oppose the production of Documents, information, or things, or to seek to compel such production.

**11.     Procedure Upon Termination of the Action**

Upon termination of this Action, including the exhaustion of all available appeals, the parties will, at the request and option of the Producing Party that designated the Document, information, or thing as Confidential or Highly Confidential – Attorneys' Eyes Only, either destroy and certify its destruction, or return to the Producing Party all Documents and portions of deposition transcripts containing Confidential or Highly Confidential – Attorneys' Eyes Only information produced by the Producing Party; provided, however, that work product, briefs and other court papers prepared for use in this Action need not be returned or destroyed, but may be retained only by the parties' Counsel of Record and, if so retained, shall continue to be maintained as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in accordance with the provisions of this Stipulation.

**12.     Continuing Obligations of Confidentiality**

(a)     Neither the termination of this Action nor the termination of employment of any person who has had gained access to any Confidential or Highly Confidential – Attorneys' Eyes Only information through discovery or disclosure in this Action shall by itself relieve such person from the obligation of maintaining the confidentiality of such information as provided in this Stipulation, which obligation shall continue for so long as the information is designated as Confidential or Highly Confidential – Attorneys' Eyes Only.

(b)     Neither the execution of this Stipulation nor the designation or failure to designate any Document, thing, or item of information as Confidential or Highly Confidential – Attorneys' Eyes Only shall be construed as any indication as to whether the Document, information or thing

constitutes the proprietary intellectual property of any Party, including without limitation, whether the Document or information is protected from use by copyright or patent protection or as a trade secret or otherwise.

(c)     Nothing herein shall modify, or in any way excuse any Party from, any preexisting obligation to maintain the confidentiality of any information or Document, whether or not that information or Document has been designated as Confidential or Highly Confidential – Attorneys' Eyes Only pursuant to this Stipulation.

## 13.    No Restriction On A Party's Use Of Its Own Information

Nothing in this Stipulation shall (i) restrict a Producing Party's use or distribution of its own Confidential or Highly Confidential – Attorneys Eyes Only information, (ii) prevent a person from disclosing or using information designated as Confidential or Highly Confidential – Attorneys Eyes Only under this Stipulation, if that information was acquired by that person other than through production or disclosure in this Action, or (iii) prevent a Party from relying on any legal basis other than this Stipulation in seeking to restrict the disclosure or use of any Confidential or Highly Confidential – Attorneys Eyes Only information.

## 14.    Non-Party Requests For Information Subject To This Stipulation

If any Party is subpoenaed or receives a demand or any legal process by a non-party for information, Documents or things designated as Confidential or Highly Confidential – Attorneys' Eyes Only in accordance with this Stipulation, such Party shall give the Producing Party written notice of such subpoena, demand or process by hand delivery, overnight delivery, or email, within five (5) days after receipt, but in any case sufficiently before the time to comply so as to give the Producing Party an opportunity to object to the requested production.  In addition, to the extent

permitted by law, the Party served with the subpoena, demand or legal process shall object to production of such materials or information based upon this Stipulation.

To the extent a Party is ordered or otherwise required by law to produce "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Documents, information, or things in response to a non-party subpoena or other legal process in another action or proceeding, that Party will request that this Stipulation be followed to the greatest extent possible with respect to such Documents, information, or things.

## 15.   Binding On Parties and Successors

This Stipulation is binding upon the Parties and their employees and their respective successors, successors-in-interest and assigns.

## 16.   Binding on Additional Parties

This Stipulation is binding on Plaintiff and Defendants irrespective of (i) whether the Court endorses this Stipulation and (ii) whether any other Parties to the Action sign this Stipulation.  Any other Party to this Action may become bound by and entitled to the benefits of this Stipulation by its Counsel of Record signing this Stipulation at any point in time.


Dated: New York, New York
        June 13, 2023

GORDON REES SCULLY
MANSUKHANI LLP

By: */s/ Joshua D. Wilson*
    Joshua D. Wilson
    jdwilson@grsm.com
    One Battery Park
    28th Floor
    New York, NY 10004
    Telephone: 615.772.9007

LOEB & LOEB LLP

By: */s/ Tal E. Dickstein*
    Barry I. Slotnick
    bslotnick@loeb.com
    Tal E. Dickstein
    tdickstein@loeb.com
    Alexander Loh
    aloh@loeb.com

13

*Attorneys for Plaintiff Peabody &
Company LLC*

345 Park Avenue
New York, NY 10154
Telephone: 212.407.4000

*Attorneys for Defendants Rodrick Wayne
Moore, Jr. p/k/a Roddy Ricch, Samuel Gloade
p/k/a 30 Roc, Lamar Adarius Moragne, Aqeel
Qadir Tate, Khirye Tyler, Larrance Levar
Dopson, Blue Nike Publishing LLC, Peermusic
III, Ltd., Kobalt Music Publishing America,
Inc., Volume Ventures Publishing, LLC,
Warner-Tamerlane Publishing Corp., Atlantic
Recording Corporation a/k/a Atlantic Records*

SO ORDERED:

Dated: June 14 _____, 2023
New York, New York

_____
Analisa Torres
United States District Judge

14